'No. 443.

## Fehn v. The State.

CRIMINAL LAW.—*Bill of Exceptions.*—*Filing of.*—Where a bill of exceptions in a criminal case was not filed at the time the judgment was rendered, but was filed at the time the motion for a new trial was overruled, at the same term of court, but seven days after the rendition of the judgment, and without time being asked in which to file a bill of exceptions, the evidence was properly in the record under the provisions of section 1847, R. S. 1881.

SAME.—*Intoxicating Liquor.*—*Sale of to Minor.*—*Evidence.*—*Burden of Proof.*—On a charge of selling intoxicating liquor to a minor, the defendant may show that he acted in good faith, believing such minor to be an adult, and that he used all reasonable precautions to learn the facts, and any evidence tending to prove the facts is admissible, but the burden of establishing such defence rests on the seller. For character of evidence that will support a conviction for selling to a minor, see opinion.

SAME.—*Section 2094, R. S. 1881, Construed.*—The purpose of section 2094, R. S. 1881, is to prevent minors from getting and using, and thus becoming habitual users of intoxicating liquors. Whether the sale is direct or indirect, it is still a sale.

REINHARD, J., and CRUMPACKER, J., dissent.

From the Ripley Circuit Court.

*J. O. Cravens* and *N. Covert*, for appellant.

*A. G. Smith*, Attorney General, and *L. Dixon*, Prosecuting Attorney, for the State.

ROBINSON, C. J.—The appellant was indicted in the circuit court for selling liquor to a minor. On trial by the court the appellant was found guilty, and on the same day judgment was rendered on the finding. Seven days after the rendition of judgment, and at the same term of court, appellant filed a motion for a new trial, which was overruled.

The overruling of the motion for a new trial constitutes the assignment of error.

The causes in the motion for a new trial were that the finding of the court was contrary to law and was contrary to the evidence.

The position is assumed by the attorney general, on behalf of the State, that the bill of exceptions has not been

made a part of the record of this cause in such manner as that we can consider it, or determine any question in the case which depends for its proper decision upon the evidence introduced upon the trial and set out in said bill.

If this position must prevail, it necessarily follows that we can decide no question arising out of the alleged error of the court in overruling the motion for a new trial.

It appears by the record that the cause was submitted to the court for trial on the 19th day of April, 1890, being the second judicial day of the April term of said court, and that on that day the evidence was heard, and the court took the cause under advisement; and on the 16th day of May, 1890, being the same term of said court, the court rendered its finding, adjudging the appellant guilty, and final judgment was then rendered, to which appellant excepted, but filed no bill of exceptions, and time was not given to file one. Afterwards, on the 23d day of May, 1890, being at the same term of said court, appellant filed a motion for a new trial, for the reasons we have before stated, which motion was overruled, and exception taken, and thereupon appellant filed his bill of exceptions with the clerk, containing all the evidence given in the cause, which was properly signed and certified to by the court trying the cause.

It is insisted, because appellant did not file his bill of exceptions at the time the judgment was rendered, but filed the bill of exceptions at the time the motion for a new trial was overruled, at the same term of court, but seven days after the rendition of the judgment, that, under section 1847, R. S. 1881, the evidence is not in the record.

We think the question here presented comes within the case of *Calvert* v. *State*, 91 Ind. 473. That case settles the following questions:

" The present code of civil procedure provides that a motion for a new trial may be filed after judgment and during the term at which it was rendered, and radically changes

the rule of the former code, and makes the decisions rendered under it inapplicable. Section 1842, R. S. 1881.

"A trial is regarded as an entirety, and a bill of exceptions filed in a criminal case during the term at which the cause is tried, or within such time thereafter as the court may direct, not exceeding sixty days, is regarded as properly filed and as constituting a part of the record. It is, of course, essential that leave to file should be granted during the term at which the trial is had."

Where trial was had and a judgment rendered, and at the same term a motion for a new trial was filed, leave obtained to file a bill of exceptions within thirty days, and a bill filed within the time granted, the bill is properly in the record, and the motion for a new trial was in time.

"An exception taken at the time the motion for a new trial is overruled presents the question, if properly followed up, of the sufficiency of the evidence to sustain the finding or verdict."

It will be seen that the questions, as thus determined, are very similar to those in the case at bar, the only difference being that in the case at bar the exception was taken, and the bill containing the evidence was filed at the time the motion for a new trial was overruled, without asking for time in which to file the bill of exceptions. It therefore appears that the evidence is in the record.

The indictment in this case charged, in substance, that the appellant, on the 21st day of October, 1889, at the county and State aforesaid, did then and there unlawfully sell to one Josie Johnson, who was then and there a person under twenty-one years of age, intoxicating liquor, at and for the price of ten cents, contrary to the form of the statute, etc.

Upon the trial of the cause Daily Wilson, a witness on behalf of the State, testified that he was thirteen years old on the 9th day of February, 1890; had lived at Friendship all his life; that he knew Josie Johnson, who was fifteen or sixteen years old, and then lived at Riverside, Ohio; that

he got some beer of Mr. Fehn; told him he wanted a dime's worth of beer for Josie Johnson; gave Mr. Fehn the dime Josie had given him; had no order from Josie for the beer; had a bucket in which he took the beer and gave it to Josie, who drank it. It was in November, 1889, in Ripley county, Indiana, within two years last past.

On cross-examination, said witness testified that he told Mr. Fehn that he wanted a dime's worth of beer; did not tell him for whom he wanted the beer; did not tell him the beer was for Josie Johnson; said to Mr. Fehn that he wanted a dime's worth of beer; that was all that he said to him; he gave him the beer and witness gave him the dime.

On redirect examination witness said he did not state, on direct examination that he wanted the beer for Josie Johnson, and in response to a question by the court, the witness denied that he had said, on direct examination, that he said to Mr. Fehn that he wanted the beer for Josie Johnson.

Art Rahe, on behalf of the State, testified that he was at Mr. Fehn's saloon in November, 1889, when Daily Wilson bought some beer; heard Daily Wilson say he wanted a dime's worth of beer. He did not say for whom he wanted the beer.

The appellant, William Fehn, testified, in his own behalf, that he did not at any time sell to Daily Wilson a dime's worth of beer for Josie Johnson. Daily Wilson did not at any time buy of him beer for Josie Johnson. Did not at any time sell beer to Josie Johnson either directly or indirectly. This was all the evidence given in the cause.

The evidence in this case is not satisfactory, but it was the province of the court trying the cause, before whom the witnesses testified, to judge of the credibility of the witnesses and the weight to be given to the testimony of each witness. It is evident from the record that the court believed the evidence of Daily Wilson, on direct examination, and treated the sale to Josie Johnson as charged in the indictment. There was no conflict in the evidence as to Josie

Fehn *v.* The State.

Johnson being a minor, and, although the appellant testified in his own behalf, he did not deny that he knew Josie Johnson and knew that she was a minor.

On a charge of selling intoxicating liquor to a minor, the defendant may show that he acted in good faith, believing such minor to be an adult, and that he used all reasonable precautions to learn the facts, and any evidence tending to prove these facts is admissible, but the burden of establishing such defence rests on the seller. *Goetz* v. *State*, 41 Ind. 162; *Holmes* v. *State*, 88 Ind. 145; *Hunter* v. *State*, 101 Ind. 241; *Kreamer* v. *State*, 106 Ind. 192; *Mulreed* v. *State*, 107 Ind. 62.

This court will not settle the conflict or reverse the judgment upon the weight of the evidence.

The purpose of section 2094, R. S. 1881, is to prevent minors from getting and using and thus becoming habitual users of intoxicating liquors. · Whether the sale is direct or indirect it is still a sale.

It is true appellant and a witness, on behalf of the State, testified that the beer was sold to Daily Wilson, who testified he was a minor only thirteen years old, and this was not denied, but the trial court, with all the evidence before it, was the judge of the credibility and the weight to be given to the testimony of each witness, and found the appellant guilty with the sale, as charged in the indictment, to Josie Johnson. We think the evidence tends to sustain the finding.

The judgment is affirmed, at appellant's costs.

Filed Feb. 5, 1892.

## DISSENTING OPINION.

REINHARD, J., and CRUMPACKER, J.—There is no evidence that the appellant knew Josie Johnson, or had ever seen her in his life. There is no pretence that she was present at the sale. The offence of selling to a minor is one of intent, and there is nothing from which the court could legally infer such intent, for there is no evidence to show that

he knew she was a minor. It is also very unsafe to base the conviction of a party upon such unreliable testimony as that of the witness Daily Wilson, who, by his own admissions upon cross-examination, destroys his evidence in chief. The rules of the criminal law should be applied as strictly in this class of cases as in any other.

Filed Feb. 5, 1892.