## ROBARDS *v.* THE STATE.

[No. 18,189.   Filed March 15, 1899.]

APPEAL AND ERROR.—*Bill of Exceptions in Criminal Prosecution.*— Under section 1847 R. S. 1881, requiring all bills of exceptions in a criminal prosecution to be made out and presented to the judge at the time of the trial, or within such time thereafter as the judge may allow, not exceeding sixty days, if a bill of exceptions is not presented within the term at which the trial was had, the record must affirmatively show that time beyond the close of the term was granted.

From the Fountain Circuit Court.   *Affirmed.*

Robards v. State.

F. M. Howard, L. Nebeker, D. W. Simms, T. N. Rice and J. T. Johnston, for appellant.

W. A. Ketcham, Attorney-General, and Howard Maxwell, for State.

JORDAN, J.—Appellant was charged by indictment, in the Parke Circuit Court, with having committed the crime of murder in the first degree. The venue was changed to the Fountain Circuit Court, and on a trial by jury, in the latter court, at the November term, 1896; thereof, he was convicted of voluntary manslaughter, and his punishment fixed by the jury at imprisonment in the state's prison for a period of twenty-one years, and, over his motion for a new trial, judgment was rendered accordingly. From this judgment he appeals, and the only error assigned is that the trial court erred in overruling his motion for a new trial. In addition to the argument of the Attorney-General, relative to the merits of this appeal, that official also insists that no question is presented for the determination of this court upon the merits of the case; for the reason that the several bills of exceptions, by which appellant seeks to expose the alleged errors of the lower court, were each presented to the trial judge for his approval, and were signed and filed after the close of the term at which the judgment was rendered, without leave being first obtained from the court granting to appellant the right to present and file such bills beyond the close of said term, and therefore it is contended that neither of said bills is properly in the record.

Under the facts, as they are disclosed to us by the transcript, we are compelled to concur in this contention of the Attorney-General. Among other proceedings, the record discloses the following: On the twenty-eighth judicial day of the November term, 1896, of the Fountain Circuit Court, appellant filed his motion for a new trial, which motion, on the thirtieth judicial day of that term, was overruled, and on the same day, and as a part of the same entry, it appears that the

court rendered judgment against appellant upon the verdict of the jury.

It is not shown by the record that, at any time after the return of the verdict, but before or concurrent with the rendition of the final judgment, the court granted appellant time beyond the close of the November term, 1896, in which to tender and file bills of exceptions. Notwithstanding this fact, however, three bills of exceptions—the first purporting to embrace the evidence given in the cause, with the rulings, exceptions, and objections incident thereto; the second containing the instructions given and refused, with the exceptions thereon; and the third exhibiting the rulings of the court in respect to the competency of certain jurors—are each shown to have been presented to the trial judge during the first week of the February term, 1897, of the Fountain Circuit Court; and at that time signed by the judge, and filed by counsel for appellant. Section 1847 R. S. 1881, section 1916 Burns 1894, section 1847 Horner 1897, being section 272 of our criminal code, provides as follows: "All bills of exceptions, in a criminal prosecution, must be made out and presented to the judge at the time of the trial, or within such time thereafter as the judge may allow, not exceeding sixty days from the time judgment is rendered; and they must be signed by the judge and filed by the clerk. The exceptions must be taken at the time of the trial."

It is well settled that, under the requirements of this section, all bills of exceptions in a criminal case must be made out, presented to the trial judge for his signature, and filed during the term at which the final judgment is rendered. If not tendered and filed until after the close of such term, then leave to tender and file beyond such term must be first obtained, and in such case, on appeal to this court, it must affirmatively appear from the record that time, beyond the close of the term at which the final judgment was rendered, was granted by the lower court in which to prepare and present such bills to the trial judge; otherwise, they will not be

regarded as constituting a part of the record. If such leave is given by the trial court, it can only be shown by an entry in the order-book. A recital in the bill itself that leave was granted will not suffice. *Calvert* v. *State*, 91 Ind. 473; *Hunter* v. *State*, 101 Ind. 406; *Hunter* v. *State*, 102 Ind. 428; *Barnaby* v. *State*, 106 Ind. 539; *Fehn* v. *State*, 3 Ind. App. 568; *City of Indianapolis* v. *Kollman*, 79 Ind. 504; *Benson* v. *Baldwin*, 108 Ind. 106; Elliott on App. Proc., section 801. The record in this appeal not disclosing that time, extending beyond the term at which the final judgment in this case was rendered, was granted by the court to appellant in which to tender and file bills of exceptions, it is evident that the bills in question cannot be regarded as a part of the record in this appeal, and, as the questions sought to be presented depend thereon, they cannot be considered. The judgment is therefore affirmed.