Klein *v.* State.

---

### KLEIN *v.* THE STATE.

[No. 19,479.   Filed June 20, 1901.]

CRIMINAL LAW.—*Plea in Abatement.—Former Jeopardy.*—The plea of former jeopardy is a plea in bar, and not pleadable as a plea in abatement. *p. 148.*

SAME. — *Plea in Bar. — Former Jeopardy.*—A defendant is not in legal jeopardy, within the meaning of the constitutional restriction, until he has been put upon trial before a court of competent jurisdiction, upon an indictment or information sufficient in form and substance to sustain a conviction. *p. 148.*

SAME.—*Plea in Bar.—Delay in Trial.*—A plea alleging the failure of the State to accord defendant a trial within three terms after his arrest, under the provisions of §1852 Burns 1894, must show that the delay was not caused by defendant's own act. *pp. 148, 149.*

SAME.—*Plea in Abatement.—Prosecution by Information.*—A plea in abatement challenging the right of the State to prosecute by information, alleging that no public offense had been committed by defendant at the time of filing the information, and that he was not then under legal charge of having committed the offense stated in the information, does not negative that a public offense had been committed previous to the time of filing the information for which the defendant might be prosecuted, and of which he was accused and not indicted, and the grand jury had been discharged for the term. *pp. 149, 150.*

APPEAL AND ERROR.—*Bill of Exceptions.*—A bill of exceptions filed at a subsequent term of court, without leave of court so to do affirmatively appearing from the order-book entry cannot become a part of the record on appeal. *pp. 150-152.*

CRIMINAL LAW.—*Records.—Lost Information.—Substitution of Copy.*—Where after trial and verdict, and after motion for new trial had been filed, but before final judgment, the information upon which defendant was tried became lost, and the court ordered a copy thereof, which he certified to be correct, to be spread upon the information record, defendant was not injured by such substitution, and the court was not thereby divested of authority to pronounce final judgment. *pp. 152, 153.*

From Vanderburgh Circuit Court; *H. A. Mattison,* Judge.

John Klein was convicted of burglary, and appeals. *Affirmed.*

*A. J. Clark, G. Paul* and *E. Lorch,* for appellant.

*W. L. Taylor,* Attorney-General, *Merrill Moores, C. C. Hadley, E. Durre, C. T. Curry* and *C. N. Wittenbraker,* for State.

HADLEY, J.—Appellant was tried and convicted of burglary upon an affidavit and information, which were filed in the Vanderburgh Circuit Court January 18, 1900, and which in substance charged that appellant and others named on the 5th day of May, 1898, at said county and State, did then and there unlawfully, forcibly, and feloniously, in the night-time, burglariously break and enter into the storehouse of one August Kornblum there situate, with intent then and there, and thereby, to unlawfully, forcibly, feloniously, and burglariously, take, steal, and carry away, the personal goods and chattels of said August Kornblum then and there being.

Appellant challenges the rulings of the court (1) in sustaining the State's demurrer to his plea in abatement; (2) in overruling his motion to quash; (3) for a new trial, and (4) in arrest of judgment. For plea in abatement he set up that he is a citizen of the state of Ohio; that on the 10th day of May, 1898, the prosecuting attorney of Vanderburgh county filed in this (circuit) court an information, based upon a sufficient affidavit, charging appellant with the same crime of burglary charged in this information; that said former affidavit and information fully and correctly charged the appellant with the crime of burglary according to the laws of the State of Indiana; that on September 18, 1899, said prosecuting attorney, with leave of court, entered a *nolle prosequi* in said cause as to the appellant without appellant's knowledge or consent; that from the time of

Klein *v.* State.

filing said former affidavit and information, to wit, May 10, 1898, more than three terms of the court had elapsed without a trial of appellant; that the affidavit and information upon which the prosecution is had (filed January 18, 1900), charge precisely the same offense, in the same terms, as that charged in the former affidavit and information; that at the time of filing the affidavit and information he was not in custody, or on bail, for this or other offense; that he was not tried under the former proceeding, and no indictment or information against him had been quashed; that no cause against him has been appealed to the Supreme Court and reversed on account of a defect in the indictment; that no public offense had been committed by this defendant when this prosecution was begun, and that he was not *then* under the charge of having committed the offense stated in the information. The plea is in a single paragraph, but seems to count upon three distinct grounds for an abatement of the prosecution; (1) former jeopardy, (2) failure of the State to accord him a trial within three terms after his arrest under the provisions of §1852 Burns 1894, §1783 R. S. 1881 and Horner 1897, and (3) want of authority to prosecute by affidavit and information.

With respect to the first ground, it is radically bad for two reasons, (1) because the plea of former jeopardy is a plea in bar, and not pleadable with a plea in abatement, and (2) because it is wholly insufficient either as a plea in bar, or abatement, for failure to allege that appellant had been placed upon his trial on the former information. A defendant is not in legal jeopardy within the meaning of the constitutional restriction until he has been put upon his trial before a court of competent jurisdiction, upon an indictment or information, which is sufficient in form and substance to sustain a conviction. Cooley's Const. Lim. (6th ed.), p. 399, and cases cited. See, *Rowland* v. *State,* 126 Ind. 517; *Dye* v. *State,* 130 Ind. 87.

The second ground is equally faulty for the absence of an

averment that the delay in his trial for more than three terms of court was not caused by his act.

Third, "It shall not be necessary, in an information, to state the reason why the proceeding is by information instead of indictment. And in a prosecution for a felony by information, it shall not be necessary to prove the facts showing a right so to prosecute by information, unless such facts are put in issue by a verified plea in abatement." §1802 Burns 1894, §1733 R. S. 1881 and Horner 1897.

It is therefore essential to a plea in abatement challenging the right of the State to prosecute by information specifically to allege the facts relied upon to show that the State is proceeding without warrant of law. The State is authorized to prosecute, by information, for all offenses, except treason and murder, in the following cases: (1) When the defendant is in custody, or on bail, and the court is in session and the grand jury is not in session. (2) When an indictment has been quashed, and the grand jury for the term is not in session. (3) When a cause has been appealed to the Supreme Court, and reversed on account of a defect in the indictment. (4) When a public offense has been committed and the party charged (accused) is not under indictment therefor, and the court is in session, and the grand jury has been discharged for the term. §1748 Burns 1894, §1679 R. S. 1881 and Horner 1897. If any one of these conditions exists the State may prosecute by information, and, to make a plea in abatement sufficient against such a prosecution, it must affirmatively show that no one of these conditions did exist at the time the prosecution was begun. *State* v. *Drake,* 125 Ind. 367; *Lankford* v. *State,* 144 Ind. 428.

This plea falls far short of negativing the conditions of the fourth clause. The averments are that no public offense had been committed by the defendant *at the time* of filing the information, and that he was not *then* under the charge (legal charge) of having committed the offense stated in

the information. The force and scope of these averments are made manifest by the preceding allegations of the plea to the effect that the crime charged in this information is the identical crime charged against him by a previous information as having been committed on the 5th day of May, 1898, and which former information had been *nollied* and was not pending at the time this information was filed. The plea by no means negatives, that a public offense had been committed previous to the time of filing this information for which the defendant might be prosecuted, and of which he was accused, and was unindicted, and the court was in session and the grand jury had been discharged for the term. The plea in abatement was insufficient and the demurrer thereto was properly sustained.

We perceive no infirmity in the affidavit and information. The argument made against them goes to the sufficiency of the evidence, and not to the sufficiency of the information.

Several alleged errors in the admission and exclusion of evidence, and in the giving and refusing of instructions, in the amendment of the information, and in the spreading of record of a copy of the information, are assigned as reasons for a new trial. The Attorney-General insists that neither the evidence, nor what purports to be a general bill of exceptions, is in the record. It is apparent that an effort has been made to bring up the evidence under the act of 1899 (Acts 1899, p. 384) the sixth section of which act, relating to the certification of the evidence, has been held invalid by this court in *Adams* v. *State,* 156 Ind. 596. It must therefore appear that the evidence has been authenticated in substantial compliance with the provisions of the act of 1897 (Acts 1897, p. 244) or it must be adjudged not in the record. The record discloses that the motion for a new trial, and in arrest of judgment, were overruled, and final judgment entered on the thirty-third judicial day of the June term, the same being the 12th day of July, 1900, and concurrent therewith an order of court was made upon the

Klein *v*. State.

shorthand reporter to make out a complete transcript of the evidence and rulings, and upon the clerk to make a complete transcript of the record, for use of the defendant "within 30 days from this date." Exceptions to the overruling of the motion for a new trial, and in arrest of judgment, were timely reserved, but no time was requested, or granted by the court, in which to file bills of exception. It further appears that on the forty-sixth judicial day of the June term, to wit, on August 9, 1900, and within the limits of the order, the shorthand reporter "filed in the office of the clerk the longhand manuscript of the shorthand report of the trial, which is in the words and figures following, to wit." Then follow sixty-eight pages of what purports to be questions and answers, and the rulings of the court, on proffered evidence, at the conclusion of which is a certificate of the reporter, that the foregoing typewritten manuscript is a full, true, and complete copy in longhand of the shorthand report of the evidence, objections, rulings, and exceptions, and that the same contains all the evidence given in said cause. Next following the reporter's certificate is the certificate of the trial judge, dated the 21st day of September, 1900, wherein he certifies that the reporter was a competent person duly appointed and sworn to report the case and did report it, and that the longhand transcript of the evidence filed in the clerk's office, and certified by said reporter, is correct and contains all the evidence given in said cause. Then follows the certificate of the clerk, whereby it is certified that the foregoing transcript of evidence is the same transcript of evidence in said cause filed by the reporter and that the certificate attached thereto is that of the presiding judge and that said transcript was filed in his office on the 9th day of August, 1900, and that the certificate of the judge was attached thereto and filed in the office of the clerk on the 21st day of September, 1900, and that said transcript of the evidence was inserted by him in the transcript of this cause as the same therein appears. No time beyond the term

having been given appellant in which to file bills of exception made it necessary for him to file all bills of exceptions within the limits of the term at which the case was disposed of. A bill filed at a subsequent term without leave of court so to do affirmatively appearing from an order-book entry cannot become a part of the record on appeal. *Robards v. State,* 152 Ind. 294; *Utterback* v. *State,* 153 Ind. 545, and cases cited; *Calvert* v. *State,* 91 Ind. 473; Ewbank's Manual, §24.

We take notice that the limit of the June term, 1900, of the Vanderburgh Circuit Court was ten weeks from the first Monday in June. This bill, if it may be so termed, was not signed by, or presented to, the judge for approval, until the 21st day of September, 1900, which time we also judicially know was within the September term of that court. We must therefore hold that the evidence is not in the record.

With respect to the general bill of exceptions it is in no better situation. The record shows that it was presented to the judge July 21, 1900, which was within the authorized limits of the June term, but it was not signed and filed until September 17, 1900, which we have seen was at the September term. This was too late. It is only in cases where *time is given beyond the term* that the time of presentation to the judge, within the prescribed limit, shall be regarded as the date on which the bill was signed and filed. §1918 Burns 1894, §1849 R. S. 1881 and Horner 1897; *Robards* v. *State,* 152 Ind. 294.

The ground of appellant's motion in arrest of judgment is want of power in the court to pronounce final judgment, for the reason that there was no information on file at the time. It is shown by the bill of exceptions that after the trial and verdict, and after the motion for a new trial had been filed, but before the final judgment, the information upon which the appellant had been tried became lost, and the court thereupon ordered that a copy thereof as made by him in his instructions to the jury, which he certified

to be true and correct, be spread upon the information record. The information was before the court during the trial, and until after the conviction of the appellant, and until he had prepared and filed his motion and reasons for a new trial. We do not see what further benefit he could have derived from the original instrument, or how he could be injured by the substitution of a copy before final judgment. Without injury, he is not entitled to reversal. *Ransbottom* v. *State*, 144 Ind. 250; *Heath* v. *State*, 101 Ind. 512.

The loss of the information did not divest the court of authority to proceed.

Judgment affirmed.