## BARNHARDT v. THE STATE OF INDIANA.

[No. 21,220.    Filed December 16, 1908.]

1. CRIMINAL LAW.—*Intoxicating Liquors.*—*Statutes.*—Section 8337 Burns 1908, Acts 1907, p. 27, §1, providing that "any person who shall keep, run or operate a place where intoxicating liquors are sold, bartered or given away in violation of the laws of the State, or any person who shall be found in possession of such liquors for such purpose shall be deemed guilty of a misdemeanor," defines two crimes—keeping a place where such liquors are unlawfully sold, and possessing such liquors with the intention of violating the laws, the element of place having nothing to do with the latter crime. p. 429.

2. INDICTMENT AND INFORMATION.—*Intoxicating Liquors.*—*"Blind Tigers."*—An affidavit charging that defendant at a certain time and place "was then and there found unlawfully in possession of certain intoxicating liquors * * * in a certain frame building * * * owned * * * and under the control and in the possession of said [defendant], for the purpose of keeping, running and operating a place where intoxicating liquors are sold, bartered and given away in less quantities than five gallons at a time, in violation of the laws, * * * he, said [defendant] not then and there having a valid license," does not charge an offense under §8337 Burns 1908, Acts 1907, p. 27, §1, providing that any person keeping a place where liquors are unlawfully sold, or unlawfully having such liquors in possession with unlawful intent, shall be punishable by fine or imprisonment or both. p. 430.

From Randolph Circuit Court; *John W. Macy,* Judge.

Prosecution by The State of Indiana against R. Bruce Barnhardt. From a judgment of conviction, defendant appeals. *Reversed.*

*R. S. Gregory* and *Walter J. Lotz,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, Edward M. White* and *W. H. Thompson,* for the State.

GILLETT, J.—Appellant appeals from a judgment of conviction based on an affidavit which charges that "R. Bruce Barnhardt, on the 9th day of March, A. D. 1907, at and in the county of Randolph and State of Indiana, was then and

there found unlawfully in possession of certain intoxicating liquors, to wit, forty-six pints of beer, together with the vessels containing such liquor, and other furniture, to wit, one cork puller, one glass tumbler, one jug, fifty boxes and barrels, in a certain frame building, situate on the east side of Main street in the town of Parker, said county and State, on lot No. 6, block No. 2, in said town of Parker, and owned by Susan Barnhardt, and under the control and in the possession of said R. Bruce Barnhardt, for the purpose of keeping, running and operating a place where intoxicating liquors are sold, bartered and given away in less quantities than five gallons at a time, in violation of the laws of the State of Indiana, he, said R. Bruce Barnhardt, not then and there having valid license [here follow certain negations, not necessary to be here set out], contrary," etc.

Error is assigned based on the overruling of a motion to quash.

We assume that the effort of the prosecuting attorney was to charge a violation of section one of the act of 1907 (Acts 1907, p. 27, §8337 Burns 1908). In part that section reads as follows: "And any person who shall keep, run or operate a place where intoxicating liquors are sold, bartered or given away in violation of the laws of the State, or any person who shall be found in possession of such liquors for such purpose shall be deemed guilty of a misdemeanor," etc.

The portion of the section quoted denounces two offenses: (1) Keeping, running or operating a place where intoxicating liquors are sold, bartered or given away in violation of the laws of the State; (2) being found in possession of intoxicating liquors for the purpose of selling, bartering or giving them away, in violation of the laws of the State. The element of place does not enter into the latter offense. The latter clause must receive the construction indicated, because that is its natural meaning, to say nothing of making the statute adequate to meet the mischiefs which the General Assembly was seeking to obviate.

This much in answer to a contention of appellant's counsel, and now to the affidavit.

It is evident, to say the least, that the pleading falls short of stating an offense with such certainty as to inform the defendant of what offense he is to be put on trial.

2. *Regadanz* v. *State* (1908), *ante*, 387. It cannot be said with any certainty whether the purpose of the State was to charge the defendant with an offense under the first clause of the statute or under the second.

We are of opinion, however, that the affidavit will not admit of an analysis under which it would charge sufficient facts upon either view. As to the first, it does not appear that there was any keeping, running or operating of a place where such liquors were sold, bartered or given away, but a possession of a building in which there were intoxicating liquors with a purpose (which, of course, refers to the future) to sell, barter and give away intoxicating liquors, which might not be those referred to as possessed. As to the second theory, since the word "unlawfully" is not sufficient to show that the possession was in violation of law (*Regadanz* v. *State*, *supra*), there is averred only the fact that appellant had possession of the liquors in a building which he had possession of for the purpose of keeping, running and operating a place where intoxicating liquors (not necessarily those described) were to be sold, bartered and given away in violation of the laws of the State.

Neither by the reading of the charge as set out, nor by any process of transposition, can a criminal charge be evolved from the affidavit. On either theory there is no charge that there was a keeping, running or operating of a place where intoxicating liquors were sold, bartered or given away, or that the particular intoxicating liquors possessed were to be sold, bartered or given away. In other words, appellant may have been possessed of the place with a purpose of thereafter conducting a liquor business therein, and he may have been possessed of the particular liquors for

his own use, and have intended to sell, barter and give away intoxicating liquors to be thereafter acquired.

Judgment reversed, with direction to quash the affidavit.

Monks, J., did not participate.