## MERCER v. STATE OF INDIANA.

[No. 22,326.    Filed April 17, 1913.]

1. INTOXICATING LIQUORS.—*Possession for Purpose of Unlawful Sale. — Prosecution. — Affidavit. — Sufficiency.* — Although §8351 Burns 1908, Acts 1907 p. 689, among other things provides that "any person who shall be found in possession" of intoxicating liquors for purposes of unlawful sale shall be deemed guilty of a misdemeanor, etc., the gravamen of the offense is the possession of the liquor coupled with the purpose of unlawful disposition, so that an affidavit charging that defendant was unlawfully in possession of intoxicating liquor for the purpose of being then and there sold in violation of law, etc., was not defective for failure to allege that defendant was "found" in the possession of such liquor. p. 427.

2. CRIMINAL LAW.—*Statutes.—Construction.*—While the rule of construction requires the consideration of every word or phrase found in a statute, an unnecessary word inadvertently used will be disregarded where the effect of its consideration would be the subversion of the legislative intent. p. 428.

3. APPEAL.—*Briefs.—Waiver of Error.*—Appellant's right to a consideration of the alleged error in overruling his motion in arrest of judgment is waived by his failure to set out the motion, or its substance, in the statement of the record in his brief. p. 428.

From Howard Circuit Court; *William C. Purdum,* Judge.

Prosecution by the State of Indiana against William Mercer. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Overson & Manning,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

MORRIS, J.—Appellant was prosecuted by an affidavit which charged that defendant was "unlawfully in posses-

sion of certain spirituous and intoxicating liquor, to wit: whiskey, which liquor was then and there kept by the said William Mercer * * * for the purpose of being then and there sold in violation of the laws of the State of Indiana, and without any license so to do, granted according to the laws of the State," etc. The affidavit was filed under §1 of the acts of 1907, entitled "An Act to better regulate the sale of intoxicating, spirituous, vinous and malt liquors, providing penalties," etc. (Acts 1907 p. 689, §8351 Burns 1908). Among the provisions of this section are the following: "And any person who shall keep, run or operate a place where intoxicating liquors are sold, bartered or given away in violation of the laws of the state, or any person who shall *be found* in possession of such liquors for such purpose shall be deemed guilty of a misdemeanor," etc. (Italics ours.)

1. The trial court overruled defendant's motion to quash the affidavit, and this ruling is assigned as error. It is contended that the affidavit is fatally defective for the lack of an averment that appellant was *"found"* in the possession of such liquor. Such allegation is necessary in an indictment under the public intoxication statute. §2483 Burns 1908, Acts 1905 p. 584, §572. The object of that statute, however, is to protect persons in public places, from the annoyance of contact with one in an intoxicated condition. *State* v. *Sevier* (1889), 117 Ind. 338, 20 N. E. 245. The statute is not violated by one becoming intoxicated in his own home. *State* v. *Sowers* (1876), 52 Ind. 311; *State* v. *Austin* (1890), 62 Vt. 291, 19 Atl. 117. What was the object of the statutory provision here in question? Manifestly nothing but the inhibition of the unlawful disposal of intoxicating liquor. The gravamen of the offense is the possession of the liquor coupled with the purpose of unlawful disposition. *Schoemaker* v. *State* (1913), *ante* 248, 100 N. E. 753; *State* v. *Wheeler* (1890), 62 Vt. 439, 20 Atl. 601; *Commonwealth*

v. *Welch* (1886), 140 Mass. 372, 5 N. E. 116.  It is immaterial whether the liquor intended to be unlawfully sold was exposed or concealed.  *Commonwealth* v. *Henderson* (1885), 140 Mass. 303, 5 N. E. 832.

2. We are reminded of the rule of construction which requires the consideration of every word or phrase found in a statute.  Such rule may not be ignored unless the effect would be the subversion of the legislative intent.  But such intent, when ascertained, must be given effect, and may not be thwarted by the inadvertent use of an unnecessary word.  On the contrary such word may be disregarded, or treated as surplusage.  *State* v. *Louisville, etc., R. Co.* (1912), 177 Ind. 553, 96 N. E. 340, and cases cited.

The other alleged error relied on for reversal is the overruling of appellant's motion in arrest of judgment.  Neither the motion, nor the substance thereof, is set out in the brief, under the title, "Statement of Record," as provided for in clause 5, of Rule 22, of this court, and by reason of such failure, the defendant has waived his right to a consideration of the alleged error.  *Duffy* v. *England* (1911), 176 Ind. 575, 96 N. E. 704; *Anderson* v. *Leonard* (1912), 51 Ind. App. 14, 98 N. E. 891.

The record discloses no reversible error.  Judgment affirmed.

Note.—Reported in 101 N. E. 484.  See, also, under (1) 23 Cyc. 240; (2) 36 Cyc. 1127; (3) 2 Cyc. 1014.  As to the rule for construing statutes which forbid the sale, or the keeping for sale, of intoxicating liquors, see 38 Am. Rep. 344.