## BASS *v.* STATE OF INDIANA.

[No. 23,378.   Filed November 8, 1918.   Rehearing denied January 10, 1919.]

1. CRIMINAL LAW.—*Motion in Arrest.—Motion to Quash.—Testing Indictment.*—An indictment is not subject to the same test by a motion in arrest as it is by a motion to quash, as a motion in arrest presents only the questions that the offense was not committed within the jurisdiction of the court, and that the indictment does not state facts sufficient to constitute a public offense.   p. 22.

2. CRIMINAL LAW.—*Appeal.—Bill of Exceptions.—Time for Filing.*—Where time beyond the term is desired for the filing of a bill of exceptions containing the evidence, under §287, Acts 1905 p. 584, §2163 Burns 1914, leave therefor must be given by

the court at the time of the ruling on the motion for a new trial.   p. 24.

3.   CRIMINAL LAW.—*Bill of Exceptions.—Filing.—Certificate.—Record.—Discrepancy.*—Where a criminal case was terminated in the April term of court and the bill of exceptions was not filed until the September term, the record being silent as to any extension of time for the filing thereof, a recital in the judge's certificate that the bill of exceptions was tendered "within time allowed" does not show such conflict between the certificate and the order-book entry as to make the bill a part of the record, since the record discloses a failure to comply with §287, Acts 1905 p. 584, §2163 Burns 1914.   pp. 24, 25.

From Delaware Circuit Court; *William A. Thompson,* Judge.

Prosecution by the State of Indiana against Frank Bass.   From a judgment of conviction, the defendant appeals.   *Affirmed.*

*Ball & Needham,* for appellant.

*Ele Stansbury,* Attorney-General, *Elmer E. Hastings* and *Dale F. Stansbury,* for the state.

MYERS, C. J.—Appellant was indicted and convicted in the Delaware Circuit Court by a jury of keeping a place where intoxicating liquors were sold, and of being found in possession of intoxicating liquors for the purpose of sale, in violation of §1, Acts 1907 p. 689, §8351 Burns 1914.

Appellant's motion for a new trial and his motion to arrest the judgment were each overruled, and judgment was rendered on the verdict.   Each of these rulings is separately assigned as error.

Appellant, to sustain his motion to arrest, cites *Barnhardt* v. *State* (1908), 171 Ind. 428, 86 N. E. 481, and *Regadanz* v. *State* (1908), 171 Ind. 387, 86 N.

1.   E. 449.   In both of these cases a ruling on the motion to quash was held to be erroneous.   But it must be remembered that a motion to quash and a motion to arrest will not alike test the indictment.

*Woodsmall* v. *State* (1913), 179 Ind. 697, 102 N. E. 130; *Boos* v. *State* (1913), 181 Ind. 562, 105 N. E. 117. This court has held that a motion to arrest presents two questions: (1) That the offense was not committed within the jurisdiction of the court; (2) that the indictment does not state facts sufficient to constitute a public offense. *Lay* v. *State* (1913), 180 Ind. 1, 102 N. E. 274; *Pittsburgh, etc., R. Co.* v. *State* (1912), 178 Ind. 498, 99 N. E. 801. The indictment before us is clearly good as against the questions presented by the motion to arrest. It also meets the objections successfully urged against the indictment in the cases cited where the rulings on the motions to quash were considered. The motion to arrest the judgment was properly overruled. *Yazel* v. *State* (1908), 170 Ind. 535, 84 N. E. 972; *Schoemaker* v. *State* (1912), 179 Ind. 248, 100 N. E. 753; *Mercer* v. *State* (1912), 179 Ind. 426, 101 N. E. 484.

Appellant, in support of his motion for a new trial, relies on certain specifications which involve a consideration of the evidence. The state insists that none of these questions can be considered for the reason that the bill of exceptions containing the evidence is not in the record. This insistence is grounded upon the claim that the record shows that the case was disposed of at the April term of the Delaware Circuit Court, and, although no time was given beyond the term, the bill of exceptions was not filed until the September term of that court. The record shows that appellant's motion for a new trial was overruled July 3, 1917, but there is no order-book entry showing that time was then given for the filing of any bill of exceptions. The record further discloses that the bill of exceptions in question was filed September 25, 1917. The terms of the Delaware Circuit Court begin on the first Mondays of January, April and September. §1461 Burns 1914.

The statute on the subject now under consideration, §287, Acts 1905 p. 584, §2163 Burns 1914, provides that any decisions of the court, excepted to at the time, which are matters properly to be incorporated into the motion for a new trial, will be carried forward to the time of the ruling thereon, and may be included in the bill of exceptions to be filed at any time during the term· or within such time as the court may then allow. Under this and similar statutory provisions, this court has uniformly held that where a bill of exceptions containing the evidence is to be filed after the term,

2.· leave therefor must be given by the court at the time of the ruling on the motion for a new trial. *Rose* v. *State* (1908), 171 Ind. 662, 87 N. E. 103, 17 Ann. Cas. 228; *State* v. *Chenoweth* (1904), 163 Ind. 94, 71 N. E. 197; *Meyers* v. *State* (1904), 163 Ind. 345, 71 N. E. 957; *Utterback* v. *State* (1899), 153 Ind. 545, 55 N. E. 420; *Robards* v. *State* (1898), 152 Ind. 294, 53 N. E. 234; *Bennett* v. *Root Furniture Co.* (1911), 176 Ind. 606, 96 N. E. 708; *Klein* v. *State* (1901), 157 Ind. 146, 60 N. E. 1036; *Home Stove Co.* v. *Bishop* (1918), 67 Ind. App. ——, 119 N. E. 152; *Stremmel* v. *Gaar, etc., Co.* (1911), 176 Ind. 600, 96 N. E. 703; *Wilson* v. *Kester* (1915), 59 Ind. App. 471, 109 N. E. 744.

In the present case it certainly appears that the proceedings in the circuit court were terminated at the April term, except the filing of the bill of exceptions, which was done at the September term, and it does not appear that time was allowed therefor at the April term, unless it can be said that the judge's certificate as to the correctness of the bill would warrant such inference.

Appellant takes the position that this certificate and the order-book entry showing that the bill was filed is sufficient under the decisions of this court to

3.    make the bill a part of the record. In support

of this contention he cites: *Robinson* v. *State* (1898), 152 Ind. 304, 53 N. E. 223; *Indiana, etc., R. Co.* v. *Adams* (1887), 112 Ind. 302, 14 N. E. 80; *Ross* v. *Illinois Glass Co.* (1916), 64 Ind. App. 166, 115 N. E. 598; *Smith* v. *Cleveland, etc., R. Co.* (1918), 67 Ind. App. ——, 117 N. E. 534. He insists that these cases control for the reason that the affirmative recitals in the certificate and the order, made at the time it was filed, conflict with the record which fails to show that time was allowed. The particular language of the certificate relied on follows: "And on the 25th day of September, 1917, and within the time allowed by the court so to do, the defendant tendered this his bill of exceptions number one, which contains the typewritten transcript of the evidence, so taken as aforesaid, and prayed that the same might be signed, sealed and made a part of the record in this cause; which is accordingly done, this 25th day of September, 1917, and the same is ordered to be certified by the clerk of this court, without copying, as a part of the record in this cause." The order book entry of September 25, 1917, has this statement: "It is therefore ordered by the court that said bill of exceptions be and the same is now filed as a part of the record in this cause."

We cannot agree that the point made by appellant is well taken. We are unable to affirm that any conflict exists between any order-book entry and the certificate; nor is there any discrepancy in the dates concerning the order of events between the record entries and the certificate, as existed in the cases cited by appellant. This record discloses a clear omission to comply with the statute expressly stating what shall be done in order to make a bill of exceptions containing the evidence, filed after the term, a part of the record. After a careful consideration of the statute and the rulings of this court, we conclude that the bill

of exceptions in question is no part of the record, and any questions sought to be presented depending upon the evidence cannot be considered.

No other questions are presented, and the judgment is affirmed.

NOTE.—Reported in 120 N. E. 657.