## GRAY ET AL. v. McLAUGHLIN ET AL.

[No. 23,421.    Filed June 23, 1921.    Rehearing denied October
12, 1921.]

1. APPEAL.—*Briefs.*—*Sufficiency.*—*Questions Reviewable.*—*Points and Authorities.*—*Rules of· Court.*—Appellants' brief, containing under "points and authorities" a series of propositions of law with citations of authorities to sustain them, without indicating what relation or bearing any of them have to any particular assignment of error, and without attempting to apply any of them to any ruling of the trial court, does not comply with clause 5, Rule 22 of the Supreme Court, and is therefore insufficient to present any question for review. p. 191.

2. APPEAL.—*Bill of Exceptions.*—*Sufficiency.*—*Time Given Beyond Term for Filing.*—Where a record fails ·to show that time was given beyond the term in which to file a bill of exceptions, the bill does not bring the evidence in the record, even though the bill recites that it was presented within the time allowed by the court, since the time beyond the term must appear from the record. p. 192.

3. APPEAL.—*Review.*—*Presumptions.*—*Burden of Showing Error.*—*Searching Record.*—The presumptions are in favor of the correctness of the decisions of the trial court, and it is incumbent upon appellant to present a record showing error and· present authorities and propositions of law addressed to errors claimed, which will overthrow this presumption, and the Supreme Court will not search the record for erroneous rulings to reverse a cause, but it will search the record, if it sees fit, to affirm a judgment. p. 193.

4. CONSTITUTIONAL LAW.—*Legislative Power.*—*Encroachment on Judiciary.*—*Rules of Court.*—The Supreme Court has power to make its own rules as to briefs and as to the conduct of business before the court, and Acts 1917 p. 523, §691a *et seq.* Burns' Supp. 1918, in so far as it refers to rules relative to the sufficiency of briefs and the pointing out defects therein, is void. p. 193.

From Tippecanoe Superior Court; *Charles W. Hanley,* Judge *Pro Tem.*

Proceedings by John McLaughlin and others, opposed by Martin P. Gray and others, for the repair and improvement of a public drain. From a judgment establishing the drain, the opponents appeal. *Affirmed.*

*Chase Harding* and *A. D. Cunningham,* for appellants.

*Morris R. Parks* and *George D. Parks,* for appellee.

TOWNSEND, C. J.—This is a proceeding brought under §19 of the Drainage Act of March 11, 1907, as amended by Acts 1913 p. 152, §6174 Burns 1914, to repair and improve a public drain. The trial court established the drain, and this is an appeal from that judgment.

There are about 390 appellants who joined in the assignment of error. Appellees call our attention to the fact that at least 308 of them are not parties to the judgment.

Appellants set out in their brief fourteen assignments of error. In their motion for a new trial they assign thirty-six reasons why a new trial should be granted.

Under "Points and Authorities," in appellants' brief, fifteen propositions are set out, with citation of cases under each proposition. None of these propositions and points are addressed to any particular 1. assignment of error. Clause 5, Rule 22, of this court, requires "the brief shall contain, under a separate heading of *each error relied on* (our italics), separately numbered propositions or points, stated concisely, and without argument or elaboration, together with authorities to support them." Merely stating a series of propositions of law with citation of authorities to sustain them, is not a compliance with the rule which requires the points and authorities to be grouped "under a separate heading of each error relied on." The brief should indicate in the statement of points and authorities, to which alleged erroneous ruling reference is made by each point stated. *Michael* v. *State* (1912), 178 Ind. 676, 99 N. E. 788; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1906), 168 Ind. 438, 460, 78 N. E. 1033; *Leach* v. *State* (1912), 177 Ind. 234, 240, 97 N. E. 792.

In the last case it was stated: "Mere abstract statements of law or fact, or both, unless applied specifically to some particular ruling or action of the court, although contained in appellant's statement of points, present no question." *In Pittsburgh, etc., R. Co.* v. *Lightheiser, supra,* at page 460 it was said: "While a discussion or elaboration of a point is not proper in the statement of points, mere general statements, without specific and definite reasons specifically applied, present no question for decision." See also, *Weidenhammer* v. *State* (1913), 181 Ind. 349, 103 N. E. 413, 104 N. E. 577, and cases there cited.

Appellants address none of their points and authorities, even generally, to the proposition that the court erred in overruling the motion for a new trial, to say nothing of descending to some one of the thirty-six subdivisions of that motion. If, perchance, we should be able to determine that appellants' propositions applied to their motion for a new trial, we are then confronted with another difficulty. Namely, from the very nature of the proceeding nearly all, if not all, of the questions under the motion for a new trial would arise upon the evidence; but an examination of the record discloses that the evidence is not here. The record shows that appellants' motion for a new trial was overruled on October 27, 1917, at the September term of the court, and exception reserved; but no time granted to present and file a bill of exceptions. The bill of exceptions containing the evidence was not presented until January 21, 1918, which was the November term of the court.

Where a record fails to show that time was given beyond the term in which to file a bill of exceptions, even though the bill recites that it was presented within the time allowed by the court, it does not bring the evidence into the record, because the time beyond the term must appear from the record,

2.

and the recital in the bill of exceptions is of no avail. *Hancher* v. *Stephenson* (1897), 147 Ind. 498, 500, 46 N. E. 916, and cases there cited; *Utterback* v. *State* (1899), 153 Ind. 545, 549, 55 N. E. 420, and cases there cited; *Carskaddon* v. *Pine* (1900), 154 Ind. 410, 412, 56 N. E. 844, and cases there cited; *Taylor* v. *Canaday, Rec.* (1900), 155 Ind. 671, 677, 57 N. E. 524, 59 N. E. 20, and cases there cited; *Malott* v. *Central Trust Co.* (1906), 168 Ind. 428, 431, 79 N. E. 369, 11 Ann. Cas. 879, and cases there cited; *Bass* v. *State* (1918), 188 Ind. 21, 24, 120 N. E. 657.

The presumptions are in favor of the correctness of the decision of the trial court. It is incumbent upon appellants to present a record showing error and 3. to present authorities and propositions of law addressed to the error claimed, which will overthrow this presumption. This court will not take abstract propositions of law and search the record for erroneous rulings to reverse a cause; but it will search the record, if it sees fit, to affirm a judgment.

Appellants seem to be laboring under the impression that chapter 143, Acts 1917 p. 523 (§691a *et seq.* Burns' Supp. 1918), repealed the rules of this court. In 4. *Solimeto* v. *State* (1919), 188 Ind. 170, 171, 122 N. E. 578, this court said: "So far as this act refers to the rules of this court and what shall be deemed a sufficient brief, and when the defects in such brief shall be pointed out, the same is void. This court has power to make its own rules as to briefs, and as to the conduct of business before the court. It is not a legislative function to make rules for the court, or to say what the court shall consider a sufficient brief. This court will have to be the judge of how it can best expedite business, and how questions can best be presented by briefs so that each member of the court may have

opportunity, if necessary, to consider particularly each case. So far as briefing is concerned, it will be well for litigants to proceed as they have heretofore under the rules made by this court."

It is not a legislative function to review things which are judicial. It is a judicial function to review the legislative act under the fundamental law of the land. This court has the inherent power to make rules for the conduct of business and the control of its records when a cause is once submitted here. If litigants will examine the rules of the court and the decisions interpreting them, when presenting briefs here, instead of examining acts of the legislature, they will have little difficulty in presenting their questions for decision.

There is probably no state in the Union where so much has been said in the decisions on the subject of the practice as in this state. This is largely due to the frequent effort of the legislature to tinker with the practice on the theory of simplifying the procedure. This effort is usually in a field which should be judicial, and frequently is purely judicial. A rule of practice undisturbed till well understood, even though inconvenient and burdensome, is better than a constantly changing one.

Judgment of the trial court is affirmed.