## MALEY v. STATE OF INDIANA.

[No. 24,970.    Filed January 7, 1927.]

1. CRIMINAL LAW.—*Order-book entry necessary to show granting of time for bill of exceptions.*—That time was granted beyond the term for presenting a bill of exceptions to the judge for approval can only be shown by an order-book entry and not by a recital in the bill itself.    p. 700.

2. CRIMINAL LAW.—An order-book entry showing that the court granted appellant ninety days time to "perfect an appeal to the Supreme Court" is not equivalent to granting time to tender bill of exceptions for approval.    p. 701.

3. CRIMINAL LAW.—*Bills of exception filed after term not in the record although filed within time granted for perfecting appeal.*—No question as to the instructions given or the suffi-

ciency of the evidence is presented on appeal where the bills of
exception containing the evidence and the instructions were not
presented to the judge for approval until after the term at
which the motion for a new trial was overruled, although the
court granted ninety days "to perfect an appeal to the Supreme
Court," and they were filed within that time.    p. 701.

From Union Circuit Court; *Cecil C. Tague,* Judge.

Morris Maley was convicted of unlawfully transport-
ing intoxicating liquor, and he appeals.    *Affirmed.*

*Pigman & Roberts,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George M.
Barnard,* for the State.

MYERS, J.—Appellant was charged by indictment,
tried by a jury and convicted of unlawfully transporting
intoxicating liquor.    Acts 1923 p. 70.    From a judg-
ment in accordance with the verdict of the jury, he
prosecuted an appeal to this court where he has prop-
erly assigned as error the overruling of his motion for
a new trial.    The causes in the motion relied on are,
that the verdict of the jury was not sustained by suffi-
cient evidence and was therefore contrary to law; also
error of the court in giving of its own motion certain
instructions to the jury.

The questions thus sought to be presented, the state
insists, are not before this court for the reason that
neither the bill of exceptions containing the instructions
nor the bill of exceptions embodying a transcript of the
evidence are properly in the record because not filed dur-
ing the term at which the motion for a new trial was
overruled, and no time was then granted by the court
for filing bills of exceptions.

From the record, we learn that on April 3, 1925, and
at the March term of the Union Circuit Court, appel-
lant's motion for a new trial was overruled and judg-
ment was then rendered on the verdict of the jury.    On
this same day, the court granted "ninety (90) days for

said defendant to perfect an appeal to the Supreme Court of Indiana in this cause." The record is absolutely silent as to the granting of time for the filing of bills of exception. On June 15, 1925, appellant tendered both bills of exceptions to the trial judge for his signature and approval, each of which was on that day "signed, sealed and filed and made a part of the record in this cause." Each of the certificates of the trial judge to these bills further recites that on June 15, 1925, "and within the time allowed by the court for the filing of all bills of exceptions in this cause," the defendant presented to the court in open court the bills of exceptions in question and asked that they be signed, sealed and filed and ordered made a part of the record of the cause. It is apparent that each of these bills of exceptions was not presented to the trial judge for his signature and approval at the April term of the Union Circuit Court (§1405 Burns 1926), and not until long after that term had expired. The asserted erroneous decision of the court was the overruling of appellant's motion for a new trial and timely exception thereto was taken.

Under our Code of Criminal Procedure, a decision of the trial court and the exception thereto, properly assigned as a reason in the motion for a new trial,

1. will be carried "forward to the time of ruling on such motion; and time may then be given by the court within which to reduce such exception or exceptions to writing, and to prepare and present such bill of exceptions." §2330 Burns 1926, Acts 1905 p. 584, §287. This section of the Code points out the procedure which must be followed in order to make a bill of exceptions a part of the record. The fact that the time was granted beyond the term can be shown only by an order-book entry and not by a recital in the bill itself. *Robards* v. *State* (1899), 152 Ind. 294, 53 N. E. 234;

*Bass* v. *State* (1918), 188 Ind. 21, 120 N. E. 657; *Gray* v. *McLaughlin* (1921), 191 Ind. 190, 131 N. E. 518; *Brackeen* v. *State* (1926), *ante* 477, 154 N. E. 9.

An order-book entry showing that the court granted appellant ninety days in which to perfect his appeal cannot be regarded as an entry showing an extension of time to prepare and present a bill of exceptions.

The record at bar fails to present any question involving the merits of the appeal.

Judgment affirmed.