## STRATTON ET AL. *v.* STATE OF INDIANA.

[No. 13,585. Filed March 26, 1929. Rehearing denied May 29, 1929.]

*Call & Daly,* for appellants.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

NEAL, J.—Appellants were found guilty of the unlawful manufacture and sale of intoxicating liquor. The only error assigned which is attempted to be presented in the appellants' brief arises on the overruling of the motion for a new trial. Appellants earnestly insist that the verdict of the jury is not sustained by sufficient evidence.

The record discloses that on August 3, 1925, the same being the 103rd judicial day of the April term of the Madison Circuit Court, the appellants filed their separate motion for a new trial. On the same day, each motion was overruled, and each appellant was given sixty days in which to file his bill of exceptions. The certificate of the judge recited "that on October 5, 1925, . . . the said defendants presented to the court in open court the attached and foregoing long-hand manuscript of the stenotype notes incorporated in this, their bill of exceptions, and asked that the same be signed, sealed, and filed in this case, . . . that said bill of exceptions is now this 5th day of October, 1925, signed, sealed, settled and thereafter filed and made a part of the record in said case," and the clerk's certificate states that "the foregoing bill of exceptions containing the evidence inserted in the forgoing transcript is the original bill of exceptions duly filed in my office as such clerk on the 5th day of October, 1925."

Section 2330 Burns 1926, provides that: "The party objecting to a decision must except thereto at the time that the decision is made; but he may reduce such exceptions to writing at any time during the term, or, by leave of the court, within such time thereafter as the court may allow. All bills of exception must be presented within the time allowed, for the signature and approval of the judge, after which they shall be filed with the clerk," etc.

This court takes judicial notice that the Madison Circuit Court has three terms of court during the year,

namely, January, April and October; that the October term, 1925, began on the first Monday of October, which was the 5th day of said month. The purported bill of exceptions was not filed in the April term of said court, neither was it presented to the judge within the time allowed; therefore, the evidence is not before us. It necessarily follows that the errors assigned, which call upon the court to review the evidence cannot be considered. *Bass* v. *State* (1918), 188 Ind. 21, 120 N. E. 657.

Judgment affirmed.