SMITH *v.* STATE OF INDIANA.

[No. 25,927. Filed February 13, 1934. Rehearing denied June 22, 1934.]

*Elliott & Houston, Henry C. Buente,* and *Philip Zoercher,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

TREANOR, J.—Appellant was convicted of three offenses: (1) having in his possession and under his control a still for the unlawful manufacture of intoxicating liquor, (2) the manufacture of intoxicating liquor, and (3) possession of intoxicating liquor. The only error assigned is the trial court's action in overruling his motion for new trial, and the only grounds therefor presented in his brief are that the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

A consideration of either of these grounds for new trial would require a review of the evidence heard on the trial. Appellee urges that this court can not review

the evidence for the reason that it appears that no time beyond the term was given appellant within which to present his bill of exceptions containing the evidence.

It appears from the record that at the time defendant's motion for new trial was overruled the trial court made the following order:

"Comes now the said defendant and prays an appeal to the Supreme Court of the State of Indiana, and the court being sufficiently advised in the premises grants said appeal upon the filing of the transcript within sixty days and perfecting his appeal within one hundred eighty days."

Section 2330, Burns Ann. Ind. St. 1926, §9-2103, Burns 1933, §2315, Baldwin's 1934, Acts 1905, ch. 169, p. 584, §287, is as follows:

"The party objecting to a decision must except thereto at the time the decision is made; but he may reduce such exception or exceptions to writing at any time during the term, or, by leave of the court, within such time thereafter as the court may allow. All bills of exceptions must be presented, within the time allowed, for the signature and approval of the judge, after which they shall be filed with the clerk: Provided, That if a motion for a new trial shall be filed in a cause, in which motion, any decision so excepted to is assigned as a reason for such new trial, such motion shall carry such decision and exception forward to the time of ruling on such motion; and time may then be given by the court within which to reduce such exception or exceptions to writing, and to prepare and present such bill of exceptions."

It appears from the record that the trial was begun on March 13th, which was the 4th judicial day of the March term of court, and was continued until March 21st, the 11th judicial day, when the trial was resumed and completed. On the latter day the defendant was given 30 days within which to file a special bill of exceptions to the giving or refusal of instructions but no time beyond the term was given for the filing of a bill of exceptions containing the evidence. On the 15th day of the March term defendant filed his motion for new trial. The

motion for new trial was overruled on May 29th, which was the 10th judicial day of the May term, and defendant excepted. Judgment was then pronounced and defendant appealed, the trial court then making the order above set out, but making no order in which time was allowed within which to present a bill of exceptions, containing the evidence, for approval, signature, and filing.

It appears that on July 12th, the same being vacation, the bill of exceptions containing the evidence was presented for signature, signed and filed.

This court has consistently held that "where a bill of exceptions containing the evidence is to be filed after the term, leave therefor must be given by the court at the time of the ruling on the motion for a new trial." *Bass* v. *State* (1919), 188 Ind. 21, 120 N. E. 657, and cases there cited. In the case of *Maley* v. *State* (1927), 198 Ind. 698, 700, 154 N. E. 669, it appeared that motion for new trial was overruled and judgment pronounced on April 3, 1925, and on the same day the court granted "ninety (90) day for said defendant to perfect an appeal to the Supreme Court of Indiana in this cause." The record was "absolutely silent as to the granting of time for the filing of bills of exception." The following excerpt from that opinion sets out the subsequent steps and the effect given them by this court:

"On June 15, 1925, appellant tendered both bills of exceptions to the trial judge for his signature and approval, each of which was on that day 'signed, sealed and filed and made a part of the record in this cause.' Each of the certificates of the trial judge to these bills further recites that on June 15, 1925, 'and within the time allowed by the court for the filing of all bills of exceptions in this cause,' the defendant presented to the court in open court the bills of exceptions in question and asked that they be signed, sealed and filed and ordered made a part of the record of the cause. It is apparent that each of these bills of exceptions was not

presented to the trial judge for his signature and approval at the April term of the Union Circuit Court (§1405 Burns 1926), and not until long after that term had expired. The asserted erroneous decision of the court was the overruling of appellant's motion for new trial and timely exception thereto was taken.

"Under our Code of Criminal Procedure, a decision of the trial court and the exception thereto, properly assigned as a reason in the motion for a new trial, will be carried 'forward to the time of ruling on such motion; and time may then be given by the court within which to reduce such exception or exceptions to writing, and to prepare and present such bill of exceptions.' §2330, Burns 1926, Acts 1905, p. 584, §287. This section of the Code points out the procedure which must be followed in order to make a bill of exceptions a part of the record. The fact that the time was granted beyond the term can be shown only by an order-book entry and not by a recital in the bill itself. *Robards* v. *State,* (1899) 152 Ind. 294, 53 N. E. 234; *Bass* v. *State* (1918), 188 Ind. 21, 120 N. E. 657; *Gray* v. *McLaughlin* (1921), 191 Ind. 190, 131 N. E. 518; *Brackeen* v. *State* (1926), ante 477, 154 N. E. 9.

"An order-book entry showing that the court granted appellant ninety days in which to perfect his appeal cannot be regarded as an entry showing an extension of time to prepare and present a bill of exceptions."

In the instant case an order-book entry showing that the court granted appellant 60 days in which to file his transcript and 180 days in which to perfect his appeal cannot be regarded as an entry showing an extension of time within which to prepare and present a bill of exceptions.

It follows that the bill of exceptions containing the evidence has not been made a part of the record on appeal and since the only questions presented for our consideration are that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, the judgment must be affirmed.

Judgment affirmed.