STATE EX REL. HENDERSON *v.* GILKISON, JUDGE.

[No. 26,941. Filed January 11, 1938.]

*Shrout & Baker,* for relator.

FANSLER, J.—This is an original action seeking to mandate the respondent to sign a bill of exceptions.

It appears that a cause had been tried, and continued for decision over a vacation between terms. The relator claims to have filed a written dismissal of the cause in the clerk's office during vacation. He was notified that upon a date fixed in the succeeding term the cause would be decided. He did not appear, and a decision and judgment were rendered against him. Thereafter he prepared and filed a written verified motion that the judgment be set aside and the cause be dismissed. In opposition to this motion the affidavit of the deputy

clerk was filed. The motion was overruled. On the first day of the succeeding term of court he tendered his bill of exceptions, which contained his motion, the affidavit of the deputy clerk with respect thereto, a recital that he had objected to the admission in evidence of the affidavit of the deputy clerk, and a statement that the court had accepted the affidavit in evidence, and that this was all of the evidence heard on the motion.

In the response it is asserted that the bill of exceptions was not signed and allowed for the reason that the ruling referred to in the bill of exceptions had been made at a previous term; that the plaintiff did not at the time, or any other time, ask for and procure time within which to file a bill of exceptions.

The relator has not produced a record showing that time was granted within which to file a bill of exceptions. *Gray et al.* v. *McLaughlin et al.* (1921), 191 Ind. 190, 131 N. E. 518.

The alternative writ heretofore issued is vacated, and the petition is denied.