## UTTERBACK v. THE STATE.

[No. 19,044. Filed November 28, 1899.]

CRIMINAL LAW.—*Blackmail.*—*Information.*—*Accusation.*—An information charging that defendants conspired together to commit the crime commonly known as blackmailing by filing an affidavit before an officer having jurisdiction, accusing the prosecuting witness with a criminal assault, with the felonious intent to extort money from him, is sufficient under §1999 Burns 1894 providing that whoever accuses any person of any crime punishable by law.

| 153 | 545, |
| --- | --- |
| 155 | 48 |
| 156 | 104 |
| 157 | 152 |
| 153 | 545 |
| 159 | 368 |
| 153 | 545 |
| 163 | 100 |
| 153 | 545 |
| f169 | 492 |
| f170 | 131 |

Utterback v. State.

with intent to extort or gain from such person any chattel, money, or valuable security is guilty of blackmailing.    *pp. 546-548.*

APPEAL AND ERROR.—*Bill of Exceptions.—Evidence.—Criminal Law.* —Where no time beyond the term was given by the court for filing the·bill of exceptions in a criminal cause, the filing of the bill during vacation was unauthorized, and nothing contained therein can be considered on appeal.  *pp. 548, 549.*

SAME.—*Bill of Exceptions.—Instructions.—Criminal Law.*—The only way in which instructions can be made a part of the record on appeal in a criminal cause is by a bill of exceptions.  *p. 549.*

SAME.—*Bill of Exceptions.—Signature of Judge.*—The signing of a memorandum indorsed on the bill of exceptions giving the reasons why a supplemental motion for a new trial was not considered, does not constitute such a signing of the bill as is required by the statute.  *p. 549.*

From the Lawrence Circuit Court.    *Affirmed.*

*S. B. Lowe, J. E. Boruff* and *J. H. Underwood,* for appellant. .

*Wm. L. Taylor,* Attorney-General, *J. A. Zaring, John R. East* and *McHenry Owen,* for State.

DOWLING, J.—Appellant and one Stella Cooper were prosecuted upon affidavit and information for the crime of conspiring together to extort money from one Everett Sheeks by filing an affidavit against him before a justice of the peace of Lawrence county, in this State, feloniously accusing and charging the said Sheeks with a criminal assault upon the said Stella Cooper, with the felonious intent to extort the sum of $500 from the said Sheeks.    Upon the trial both defendants were convicted.    Utterback appealed.

A motion to quash the information having been made and overruled below, it is urged here that the information is insufficient because it charges that the defendants conspired together to commit the crime, commonly known as blackmailing, by *filing an affidavit* against Everett Sheeks accusing him of an assault with intent to commit a felony; whereas, the statute does not extend to a case where an affidavit is filed before an officer having jurisdiction of the offense set forth in the affidavit.

The prosecution is under the following section of the criminal code: §§2260 Burns 1894, §2139 Horner 1897. "Any person or persons who shall unite or combine with any other person or persons for the purpose of committing a felony; or any person or persons who shall knowingly unite with any other person or persons, or body or association or combination of persons, whose object is the commission of a felony or felonies, shall, upon conviction thereof, be fined, etc.".

Section 1999 Burns 1894, §1926 Horner 1897: "Whoever, either verbally or by any letter or writing or any written or printed communication, demands of any person, with menaces of personal injury, any chattel, money, or other valuable security; or whoever accuses or threatens to accuse, or knowingly sends or delivers any letter or writing or any written or printed communication, with or without a name subscribed thereto, or signed with a fictitious name; or with any letter, mark, or designation, accusing or threatening to accuse any person of any crime punishable by law, or of any immoral conduct, which, if true, would tend to degrade and disgrace such person, or in any way to subject him to the ridicule or contempt of society; or to do any injury to the person or property of any one, with intent to extort or gain from such person any chattel, money, or valuable security, or any pecuniary advantage whatsoever; or with any intent to compel the person threatened to do any act against his will, with the intent aforesaid, is guilty of blackmailing, and shall, on conviction thereof, be imprisoned," etc.

So much of the latter section as it is necessary to consider here may be stated in these words: Whoever accuses any person of any crime punishable by law, with intent to extort or gain from such person any chattel, money, or valuable security, is guilty of blackmailing, and shall, on conviction thereof, be imprisoned, etc.

It is said in the argument for the appellant, that, "It is not a case of threatening to accuse Sheeks of rape; it is not a

case of writing any letter, or communication, with the intent to extort money from him; it is not a case of telling him that he is guilty of rape, and that if he does not pay money he will be charged with crime, or exposed in some way. * * * We think the word *accuse*, as used in the statute, has reference to a verbal accusation. * * * We think under this statute there are two ways of accusing or threatening to accuse; *one* is to verbally accuse, or threaten to accuse, and *another* is to accuse by letter or writing, with or without a name subscribed thereto, or fictitiously signed."

It will be observed that the several clauses of §1999 Burns are in the disjunctive, and the meaning of the act is thereby rendered very clear: "Whoever, either verbally, *or*, by any letter or writing, etc.; *or*, whoever accuses, *or*, threatens to accuse, *or*, knowingly sends or delivers any letter, etc., with intent to extort, etc., is guilty of blackmailing, etc."

To *accuse* any person of any crime punishable by law with the intent to extort from such person any money, or other valuable, is a violation of the statute. To *accuse* is to charge with, or declare to have committed a crime or offense. Such charge may be made judicially, or by a public process. Standard Dictionary. The filing of an affidavit before an officer having jurisdiction to receive it and to issue process upon it is a mode of accusation of the highest character. This mode of accusation with the wicked intent to extort from any one money or valuables constitutes a very plain violation of the statute, and the objection urged furnishes no ground whatever for quashing the information.

Appellant asks the reversal of the judgment for the reason that the verdict is not sustained by sufficient evidence; but he is met with the objection that the question is not examinable here, because the evidence is not properly in the record. The judgment was rendered May 22, 1899. The May term of the Lawrence Circuit Court expired on the Saturday preceding the first Monday of June, 1899. Acts 1897, p.

Utterback *v*. State.

30.  No time beyond the term was given by the court for filing the bill of exceptions.  The bill was not filed until June 21, 1899, in vacation.  The filing at that date was unauthorized, and nothing contained in the bill can be considered.  Acts 1897, p. 144; Acts 1899, p. 384; *Hancher v. Stephenson*, 147 Ind. 498; *Johnson* v. *Ballard*, 148 Ind. 181; *Smith* v. *Miller*, 21 Ind. App. 82; *Ayres* v. *Armstrong*, 142 Ind. 263.

An effort is made also to obtain a review of the instructions given by the court, but they are not properly before us.  In a criminal cause there is but one way to get the instructions into the record, and that is by bill of exceptions.  The criminal code contains no provision corresponding to the section of the act regulating the procedure in civil cases, which authorizes the incorporation of the instructions in the record by an order of the court.  *Meredith* v. *State*, 122 Ind. 514; *Leverich* v. *State*, 105 Ind. 277; §1892 Burns 1894.

Counsel for appellant are equally unfortunate in their attempt to present the question touching the action of the trial court in refusing to entertain a supplemental motion for a new trial.  The bill of exceptions, containing the motion, with the affidavits filed in aid of the same, was not signed by the judge of the court.  A memorandum indorsed on the bill gives the reasons why the supplemental motion for a new trial was not considered, and to this memorandum the judge attached his signature; but this did not constitute such a signing of the bill as is required by the statute.

Finding no available error in the record, the judgment is affirmed.