## Meyers v. The State.

[No. 20,304.    Filed October 11, 1904.]

APPEAL AND ERROR.—*Bill of Exceptions.—Time for Filing.*—Where a motion for a new trial in a criminal case was filed and overruled and judgment pronounced, and the defendant then filed his application to prosecute his appeal as a poor person, which motion was continued until the next term of court and then granted and leave then given in which to file a bill of exceptions, such bill filed in pursuance thereof is not in the record.

From Vanderburgh Circuit Court; *L. O. Rasch*, Judge.

Prosecution by the State of Indiana against Levi Meyers for riotous conspiracy. From a judgment of

conviction rendered upon a verdict of guilty, the defendant appeals. *Affirmed.*

*G. W. F. McMechen*, for appellant.

*C. W. Miller*, Attorney-General, *C. C. Hadley*, *L. G. Rothschild* and *W. C. Geake*, for the State.

JORDAN, C. J.—Appellant was convicted in the lower court, by a jury, of having committed the crime of riotous conspiracy, as defined by §2065 Burns 1901. Over his motion for a new trial he was sentenced to be imprisoned in the state prison for an indeterminate period of from two to ten years.

The error assigned for a reversal of the judgment is based on the overruling of a motion for a new trial.

The particular and sole reason advanced and argued by counsel for appellant is that the court erred in denying appellant's challenge of certain jurors for cause, on the ground that they had previously served as jurors in the trial of certain persons who were jointly indicted with appellant for the same offense, but who had been awarded separate trials.

The Attorney-General interposes objections to a review of this appeal upon its merits: (1) Because the bill of exceptions by which appellant seeks to verify and present the rulings of the court upon the challenge of the jurors in question is not properly in the record; (2) because the assignment in the motion for a new trial is joint, being as follows: "That the court erred in overruling appellant's challenge for cause to the following persons called as jurors in the above-entitled cause." Here follow the names of ten persons.

It is insisted that the record discloses that appellant had no grounds whatever for interposing his challenge to more than six of the jurors; that, therefore, under the circumstances, the assignment being joint, and not being available as to all of the persons specified, it is available as to none.

Meyers *v*. State.

In fact, counsel for appellant in his brief concedes that he made a mistake in including in his assignment more jurors than he intended.

The record discloses that appellant was tried and convicted at the September term, 1903, of the Vanderburgh Circuit Court. His motion for a new trial was filed and overruled, and final judgment rendered on the verdict at that term of court. The bill of exceptions in controversy was not filed during the September term, neither was time granted at that term for filing said bill. The record further shows that at the September term, after the motion for a new trial had been overruled, and judgment pronounced against appellant, he filed his application for leave to prosecute his appeal as a poor person. This application, without being ruled upon, passed over until the first judicial day of the next term of court, on which day it was granted, and the court, as a part of the same proceedings, granted appellant sixty days to file his bill of exceptions. On the thirty-fifth judicial day of the same term of court the bill in question was filed. That, under the circumstances, it is not a part of the record, is beyond controversy. Under the facts the court was not authorized to grant time at the next term of court for filing the bill of exceptions. *Calvert* v. *State* (1883), 91 Ind. 473, and cases cited; *Guenther* v. *State* (1895), 141 Ind. 593, and cases cited; *Bruce* v. *State* (1895), 141 Ind. 464; Ewbank's Manual, §33.

As the bill of exceptions, for the reasons stated, is not properly in the record, the alleged error of the court in denying appellant's challenge of the jurors is not before us for review. The judgment is therefore affirmed.