DUNLAP *v.* STATE OF INDIANA.

[No. 25,893. Filed March 30, 1932. Rehearing denied January 2, 1933. Petition for writ of error *coram nobis* dismissed July 29, 1933.]

*John M. Spangler, L. C. Holland, Fraser & Isham, Joe W. Todd,* and *Joseph H. Conroy,* for appellant.

*James M. Ogden,* Attorney-General, *E. Burke Walker,* Deputy Attorney-General, *Moses Leopold,* and *Charles A. Halleck,* for the State.

ROLL, J.—The Grand Jury of Newton County returned three indictments against appellant and one Jerry Randerson. The first and third indictments charged the crime of conspiracy to rob the State Bank of Rensselaer, Rensselaer, Indiana, and the second charged conspiracy to commit grand larceny. The indictments were numbered 2425, 2426 and 2427, respectively. The three indictments, omitting the formal parts, are as follows:

"No. 2425. The Grand Jurors of Newton County, in the State of Indiana, good and lawful men, duly and legally impaneled, charged and sworn to inquire into felonies and certain misdemeanors in and for the body of said County of Newton, in the name and by the authority of the State of Indiana, on their oath present, that JERRY RANDERSON and JOHN DUNLAP, late of said County, on the 1st day of OCTOBER, A. D., 1927, at said County and State aforesaid, did then and there unlawfully, knowingly, and feloniously unite, combine, conspire, confederate and agree to and with each other, for the object and then and there unlawfully and feloniously and with the intent to commit the crime of larceny, to-wit: To unlawfully and feloniously steal, take, and carry away certain bonds and money of the State Bank of Rensselaer, Indiana, confine and attempt and threaten to confine, kill, maim, injure and wound, and put in fear certain persons then and there being in said State Bank of Rensselaer, Indiana, for the purpose of stealing from said State Bank of Rensselaer, Indiana, money, bonds, and other valuables then and there being. Contrary to the form of the Statute, etc. . .

"No. 2426. The Grand Jurors of Newton County, in the State of Indiana, good and lawful men, duly and legally impaneled, charged and sworn to inquire into felonies and certain misdemeanors in and for the body of said County of Newton, in the name and by the authority of the State of Indiana, on their oath present, that JERRY RANDERSON and JOHN DUNLAP, late of said County, about the 1st day of OCTOBER, A. D., 1927, at said County and State aforesaid, did, then and there unlawfully, feloniously, and knowingly unite, agree, conspire, confederate and combine to and with each other, for the object and purpose and with the unlawful and felonious intent then and there, to unlawfully and feloniously take, steal, and carry away lawful money of the United States of the value of $7,000.00, the property of the State Bank of Rensselaer, Rensselaer, Indiana. Contrary to the form of the Statute, etc. . .

"No. 2427. The Grand Jurors of Newton County in the State of Indiana, good and lawful men duly and legally impaneled, charged and sworn to in-

quire into felonies and certain misdemeanors in and for the body of said County of Newton, in the name and by the authority of the State of Indiana, on their oath present, that JERRY RANDERSON and JOHN DUNLAP, late of said County, on or about the 1st day of OCTOBER, A. D., 1927, at said County and State aforesaid did, then and there unlawfully, feloniously, and knowingly unite, agree, conspire, confederate, and combine to and with each other, for the object and purpose and with the unlawful and felonious intent to unlawfully and feloniously; and with the intent to commit the crime of larceny; attempt and threaten to maim, injure, and wound certain officials and employees of the State Bank of Rensselaer, Rensselaer, Indiana, and to put said officials and employees in fear, with the intent and for the purpose then and there to unlawfully and feloniously steal, take, and carry away money, bonds, and other valuables of the State Bank of Rensselaer. . . Contrary to the form of Statute, etc. . .".

Appellant was arrested, gave bond, and filed his affidavit for a change of venue from the judge which was granted.

By agreement of the parties the three indictments were consolidated under cause No. 2427. Appellant filed no motion to quash, and upon his plea of "not guilty" the cause was submitted to a jury which returned a verdict of guilty, which read as follows: "We the jury find the defendant guilty of conspiracy to commit a bank robbery as charged in the indictment herein and that he is 51 years of age."

Appellant filed his motion to be discharged in cause No. 2426 which was sustained. He also filed a motion to be discharged in cause No. 2425 and 2427, which the court overruled. His motion for a new trial was overruled on January 23, 1930, which was the 10th judicial day of the January term of the Newton Circuit Court. Also on the same day appellant's motion in arrest was overruled. On February 6, 1930, being the 22nd judi-

cial day of the January term of said court, appellant filed his motion for a *venire facias-de-novo*, which was overruled on the same day, and at which time the court entered judgment against appellant, from which judgment appellant prayed an appeal, which was granted, and 60 days given appellant to file his general bill of exceptions. The record further shows that appellant asked and was granted time by the court within which to file his special bills of exceptions Nos. 1, 2, 3 and 5, which were presented to the court within the time allowed. Bill of exception No. 4 containing the instructions was presented · in time and is properly in the record. Appellant's general bill of exceptions containing the evidence was presented to the court on March 29, 1930, the same being the 18th judicial day of the March term of the Newton Circuit Court, and that the court signed the same on said date and ordered it filed with the clerk and made a part of the record, which was accordingly done on said day.

It will be observed that appellant's general bill of exceptions containing the evidence was not presented and filed until March 29, 1930, which was the 18th judicial day of the March term of the Newton Circuit Court; that appellant's motion for a new trial was overruled on January 23, 1930, which was the 10th judicial day of the January term of said court, and no time was then given for appellant to file his general bill of exceptions, and the record does not show that appellant asked the court to give him time beyond the term, within which to file his general bill of exceptions containing the evidence, until the 6th day of February, 1930, which was several days subsequent to the day that the motion for a new trial was overruled. When a general bill of exceptions containing the evidence is to be filed after the term, leave therefor must be given by the court at the time of the ruling on the

motion for a new trial. §2330, Burns 1926; *Bass* v. *State* (1918), 188 Ind. 21, 120 N. E. 657; *Rose* v. *State* (1909), 171 Ind. 662, 87 N. E. 103, 17 Ann. Cas. 228; *State* v. *Chenoweth* (1904), 163 Ind. 94, 71 N. E. 197; *Meyers* v. *State* (1904), 163 Ind. 345, 71 N. E. 957; *Utterback* v. *State* (1899), 153 Ind. 545, 55 N. E. 420; *Robards* v. *State* (1898), 152 Ind. 294, 53 N. E. 234.

Time for filing bill of exceptions containing the evidence can not be granted on a day subsequent to overruling the motion for a new trial. *Rose* v. *State, supra.*

It follows that appellant's general bill of exceptions containing the evidence is not in the record and all questions sought to be presented thereby can not be considered by this court. These rules are so well established and have been announced so frequently by this court, and so generally understood by the profession that we do not think it advisable to now change them.

Appellant, by his first assignment of error, says that the court erred in overruling his motion to be discharged on indictments Nos. 2425 and 2427, but assigns no reason in his motion therefor. In his brief he makes the point, that inasmuch as there were three separate indictments, and only one verdict returned attempting to cover two indictments, that he is entitled to be discharged upon application.

Under the provisions of §2210, Burns 1926 statutes it has been held that felonies of the same class, growing out of the same transaction may be joined in separate counts; *McGregor* v. *State* (1860), 16 Ind. 9. The crime of larceny is always contained in the crime of robbery and under §2212 the two crimes may be joined in separate counts of an indictment, or under a charge of robbery one may be convicted of larceny. *Vancleave* v. *State* (1898), 150 Ind. 273, 49 N. E. 1060. So in this case there seems to be no reason why the grand jury

that returned the three separate indictments against appellant, could not have consolidated them in one indictment with three separate counts. By agreement of the parties the three indictments were consolidated under one number and tried together, and thereafter during the entire trial it was considered and treated by court and counsel as one indictment in three counts. The instructions tendered by appellant and given by the court treated it that way. Instruction No. 2, tendered by appellant and given by the court reads in part as follows:

"By such consolidation the indictment now' virtually consists of three counts, each charging conspiracy.

"In indictment No. 2425 which may be considered the first count of the indictment, it is charged, etc., . . .

· "Indictment No. 2426 being virtually the second count of the consolidated indictment, charges, etc.,

· ˙ ·
"Indictment No. 2427 which is virtually the third count of the consolidated cause, charges, etc., . . ."

Also instruction No. 10, tendered by the appellant and given by the court, reads in part as follows, "Each of the three counts of the indictment charges, etc., . . ." After appellant agreed and consented to the consolidation, the trial was prosecuted and defended upon the theory of one indictment in three counts, and a verdict of guilty of conspiracy to commit bank robbery was returned, and having been discharged by the court on the second indictment, we can not see where appellant has any room to complain now on the ground that there should have been a separate finding on each count. Only one offense is charged by the first and third indictments or counts, and where only one offense is charged in separate counts, there is never a necessity for the jury to pass on each count by itself, but they may bring in a

general verdict. The judgment on conviction, conforming to the fact, will be for only one offense. Bishop in his work on Criminal Procedure, §1329, says, "A consolidated sentence, rendered on all the counts for the one entire offense is good, . . . It conforms precisely to the facts; and on writ of error the presumption necessary to sustain it—namely, that there was only one offense—is the exact truth." The jury by its verdict found appellant guilty of one offense, and judgment of the court followed the verdict, which was in accordance with the provision of §2882, Burns Ann. Statutes 1926. Appellant makes the further point that where several indictments are tried together at the same time, a separate verdict must be returned upon each bill and cites in support thereof: *Laupher* v. *State* (1860), 14 Ind. 327; *Fritz* v. *State* (1872), 40 Ind. 18; *Greenwood* v. *State* (1878), 64 Ind. 250; *State* v. *Reed* (1907), 168 Ind. 588, 81 N. E. 571. We have read each of these cases and do not think it necessary to set out a review of them but suffice to say that these cases all involve the question of former jeopardy, where the defendant on trial sought to interpose a former conviction as a defense.

Should the state again indict appellant for the offense charged in either of the three indictments herein, we think appellant could successfully interpose the record in this case by a plea of former jeopardy and upon that point the cases cited above would be applicable. But no such question is presented in this case, and therefore the cases cited by appellant are not controlling or decisive of the question here presented.

Appellant next insists that the court erred in overruling his motion for a new trial. As noted above the bill of exceptions is not in the record and all questions raised by this assignment, which depend upon the record

contained in the general bill of exceptions presents no question for our consideration.

Appellant says that the court erred in refusing to give his instruction No. 7, which reads as follows: "The jury are instructed that it is charged in each count of the indictment that the defendant John Dunlap and Jerry Randerson in the County of Newton and State of Indiana, on or about the 1st day of October, 1927, did enter into a criminal conspiracy to rob the State Bank of Rensselaer, Indiana. By the use of the words 'then and there' it is charged in each count of the indictment that the alleged felony which said Dunlap and Randerson conspired to commit was to be committed in Newton County, Indiana. If the jury finds from the evidence that said State Bank of Rensselaer was not within Newton County, Indiana, there can be no conviction in this cause and your verdict should be for the defendant John Dunlap."

The complaint made by appellant is, that the indictment must be proven as alleged and proof of the purpose to commit a crime in Jasper county will not support an allegation that the crime was to be committed in Newton county. We think the third indictment, No. 2427, shows that the bank to be robbed was located in Jasper county, as it charges, "attempt and threaten to maim, injure, and wound certain officials and employees of the State Bank of Rensselaer, Rensselaer, Indiana, etc." It is judicially known that Rensselaer is located in Jasper county and not in Newton county. Inasmuch as the evidence is not in the record, we assume that the evidence supported the allegations in the indictment.

Appellant objected to instructions Nos. 6 and 7 tendered by the state and given by the court. By these instructions the court defined "an accomplice" and told the jury under the law in this state an "accomplice" was a competent witness, and also

stated the law as to the weight to be given such testimony. The only objection made by appellant to these instructions is that he contends that a conspirator is not an accomplice, and therefore §2267, Cl. 3, Burns 1926, is not applicable. We can not agree with appellant on this point. It has been held that an active conspirator in the commission of a felony is an accomplice. *Geiger* v. *State* (1923), 25 Okla. Cr. 439, 221 Pac. 122. See "accomplice" Words and Phrases, 3rd series, for other cases.

Appellant complains of the giving of instructions Nos. 12, 13, and 14, tendered by the state and given by the court, and instruction No. 2, given of the court's own motion, for the reason that they are not applicable to the evidence in the case. As stated above, the evidence is not in the record and therefore it will be presumed that they were correct. ·

Appellant says instruction No. 19, tendered by the state and given by the court is erroneous for he says that said instruction in effect tells the jury that one who suggests to another that such person commit a crime, without any concerted action between the two, amounts to a conspiracy. We do not think instruction 19 is subject to this criticism.

No error is presented by appellant's assignment in his motion for a new trial, that the verdict is contrary to law and is not sustained by sufficient evidence for the reason that the evidence is not in the record and these questions could not be determined without a consideration of the evidence.

Appellant, under proposition C in his brief, contends that the court erred in overruling his motion in arrest, and states the rule of law to the effect that if an indictment fails to aver material facts constituting the offense to be charged a motion in arrest should be sustained. Appellant, under this heading,

states seven other abstract propositions of law touching the sufficiency of an indictment for conspiracy, but nowhere does he point out any defect in the indictment in the present case and we are unable to determine wherein appellant contends the indictments are insufficient. It is not sufficient to present the question to this court to state abstract propositions of law. Appellant should point out the defect complained of and make the application of the proposition of law stated. While a discussion or elaboration of a point is not proper in the statement of points, mere general statements, without specific and definite reasons specifically applied, presents no question for decision. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1906), 168 Ind. 438, 460, 78 N. E. 1033; *American Food Co.* v. *Halstead* (1905), 165 Ind. 633, 635, 76 N. E. 251.

Appellant further contends that his motion in arrest should have been sustained for the reason that the indictment did not name the officers and employees ▪▪▪ in the bank which were to be threatened, maimed and put in fear, and did not state that the names of such officers and employees were to the grand jury unknown. Appellant contends for the application of the rule that, "The names of third persons in an indictment should be set forth if they are known to the grand jury. If they can not be ascertained such persons should be stated as certain persons to the grand jury unknown."

It will be observed that the crime charged in the indictment is conspiracy to rob the State Bank of Rensselaer, Rensselaer, Indiana, and not to rob the officers, and employees of said bank. The names of the officers and employees of the bank are not of prime importance. The gravamen of the crime is the conspiring together for the purpose of forcibly taking or attempting to take the property of the bank. The rule requiring par-

ticularity in criminal pleading is to give identity and certainty to the transaction upon which the pleading is based, thereby enabling the accused to plead his conviction or acquittal in bar of another prosecution for the same offense. When this is done the rule requiring particularity is satisfied. *Barnhart* v. *State* (1900), 154 Ind. 177, 56 N. E. 212.

We should also keep in mind the provisions of our statute, §2225, Burns 1926, which provides that: "No indictment or affidavit shall be deemed invalid, nor shall the same be set aside or quashed, nor shall the trial, judgment or other proceedings be stayed, arrested or in any manner affected for any of the following defects. . . . Tenth. For any other defects or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." It is difficult to see, just how the substantial rights of appellant could have been prejudiced by the failure of appellee to state the names of the officers and employees of the bank which it is charged he conspired to rob. Certainly the indictments are specific enough to inform appellant of the crime with which he stood charged, and to enable him to prepare his defense. He could not have been mislead by the failure of appellee to designate the names of the various officers and employees who might have been present in the bank at the time the conspiracy to rob the bank was entered into. We think it also definite and certain enough that appellant could plead former conviction should he again be charged with the same offense. Appellant, in his brief, has not pointed out just how appellant's rights were prejudiced by the failure to designate by name the officers and employees of said bank, and we are unable to perceive of any.

Appellant, by his motion for a *venire de novo,* attempts to raise, and does discuss, the same propositions

that he stated under his motion to be discharged. The verdict is regular on its face. A general verdict of guilty as charged in the indictment is a verdict that the defendant is guilty of the crime or offense or offenses charged in the indictment and such a verdict is not defective. *Vancleave* v. *State, supra;* Bishop, Crim. Pro. §1015a, 3 and 4 and authorities cited.

We have carefully considered all questions properly presented by appellant and find no reversible error in the record.

Judgment affirmed.

Martin, J., not participating.

ON PETITION FOR WRIT OF ERROR CORAM NOBIS.

ROLL, J.—This is an original action for a writ of error *coram nobis* filed in this court after a petition for rehearing had been denied, and under the authority of the case of *Stephenson* v. *State* (1933), *ante* 141, 186 N. E. 293, decided at this term of court and on the authority of that case this court has no jurisdiction and the same is therefore dismissed.