23172. BAKER *v.* THE STATE.

DECIDED JULY 13, 1933.

*Porter & Mebane, Wright & Covington, John D. & E. S. Taylor,* for plaintiff in error.

*James F. Kelly, solicitor-general, J. Ralph Rosser,* contra.

BROYLES, C. J. Lee Eller and Roy Baker were jointly indicted for blackmail, the first count of the indictment charging that they did "verbally accuse H. F. McWhorter with the crime and offense of unlawfully opening United States mail, with the intent then and there to extort $300 in money . . , which amount the said accused then and there demanded and did then and there threaten to prosecute said H. F. McWhorter unless the amount so then and there demanded was paid them. . . "; and the second count charging that they did "verbally accuse H. F. McWhorter with the offense of forgery of the name of Floyd Thompson on a certain check . . with intent to extort from him, the said H. F. McWhorter, the sum of $300 in money . . , and they, the said accused, did then and there threaten to prosecute the said H. F. McWhorter for forgery unless the amount so then and there de-

manded of him was then and there paid." The defendants were tried and convicted, and made a motion for a new trial, which was overruled, and on this judgment overruling the motion for a new trial the defendant Baker assigns error in his bill of exceptions.

1. The first special ground of the motion for a new trial alleges that the court erred in charging as follows: "In determining what weight you may attach to the testimony of any witness you may look to his or her appearance on the stand; take into consideration their manner of testifying, their interest or want of interest in the case, their feeling, prejudice, or bias, if anything of the sort has been made to appear, together with their opportunity of knowing the facts about which they testify, and their inducement, if any, to swear falsely." The complaint is that the charge did not instruct the jury upon "the personal credibility of the witnesses so far as the same might legitimately appear upon the trial of the case." A reference to the entire charge shows that in the same connection and immediately following the excerpt complained of, the court instructed the jury: "If you find there are material conflicts in the evidence, or conflicts about material matters, you ought to endeavor to reconcile all of such conflicts, if you can do so, so as to make each and every witness speak the truth, and without imputing perjury to any witness, the law presuming they are all honest and tell the truth until the contrary appears by proof, but if, after an honest effort to so reconcile the evidence, you can not do so, then you should believe that which to you is the most reasonable and *credible,* that which, as honest and conscientious jurors, wanting to do right and render a just verdict, you believe to be the truth of the transaction." (Italics ours.) In the light of the charge as a whole it is not probable that the excerpt complained of misled the jury as to their right to pass upon the personal credibility of the witnesses. Furthermore, it is not apparent from the charge complained of that the court was undertaking to charge § 5732 of the Civil Code of 1910, as contended by counsel for the plaintiff in error, and it is well settled that ordinarily that section is adapted to civil causes only, and should not be charged in criminal cases. *Gale* v. *State,* 135 *Ga.* 351 (5) (69 S. E. 537).

2. The second special ground of the motion complains that the court, in charging the law of blackmail (§ 118 of the Penal Code

of 1910), stated that "it is not incumbent upon the State to show that the person sought to be blackmailed under this section was not guilty of an offense or of a crime, but it is only necessary for the State to show that the person who was attempting to blackmail (and of course these are questions entirely for you) was threatening to accuse another of a crime. . . The question for the jury to determine is whether or not he was accused by the person who was attempting to blackmail him." The gravamen of the movant's complaint is that the foregoing charge did not confine the jury to a consideration of the charge stated in the indictment, in that the court stated to the jury that the person who was attempting to blackmail was *threatening* to accuse another of a crime, whereas the charge in the indictment was to the effect that these defendants did verbally accuse H. F. McWhorter with the offense of unlawfully opening the United States mail. The charge complained of, when considered in the light of the charge as a whole and the facts of the case, was not error for any reason assigned. Both counts of the indictment charged that the defendants "did then and there threaten to prosecute said H. F. McWhorter unless the amount so then and there demanded was paid them;" and the statute provides that the offense is consummated if one accuse another of a crime or threatens to do so, with the intent to extort money from the victim. There was ample evidence authorizing the jury to find that the defendants did threaten to prosecute H. F. McWhorter for the offense named in the indictment, unless he paid them the $300 demanded.

3. The court did not err in stating the material allegations of the first count of the indictment, and thereafter in instructing the jury that "If you should find these facts to be true, or that the threat or demand was substantially made, as alleged in the indictment; if you find all these facts to be true as set out in the first count, and find it beyond a reasonable doubt, it would be your duty to convict them on that count of the indictment." The word "substantially" as used above does not refer to the indictment as a whole, but only to the threat or demand. The indictment did not purport to quote the language of the threat or demand, and yet to make out the crime of blackmail it must be proved that the threat or demand was substantially made, as stated by the trial judge. It follows that the third special ground of the motion is without merit.

4. It could be inferred from the evidence that the defendants were acting in concert with one Thompson, whose mail McWhorter was alleged to have opened, and whose name, it was claimed, he forged. The defendants contended, in their statements to the jury, that at the request of McWhorter they were seeking to dispose of Thompson's threatened action against him. Under these circumstances the court properly charged that if there was no intent on the part of the defendants "to extort money from the said McWhorter, or on the part of any one else wherein they might have been acting in conjunction with another person, if they were so acting,—I say if you find there was no criminal intent on their part, it would be your duty to acquit them." The crime of blackmail as defined in our Penal Code may be committed by verbally accusing or threatening to accuse the victim, or by verbally conveying to the victim the accusations and threats of another, provided that such accusations and threats are of those things included in the statute, and that the accusations or threats and the conveyance thereof are made with the intent to extort money or other thing of value from the victim. Common intent or conspiracy would make all concerned therein guilty. See, in this connection, Utterback v. State, 153 Ind. 545 (55 N. E. 420) ; People v. Thompson, 97 N. Y. 313, 318. Furthermore, blackmail being a misdemeanor, all who participate therein are guilty as principals. This excerpt from the charge, in the light of the entire charge and the facts of the case, was not prejudicial to the defendants, and was not error for any reason assigned.

5. The fifth ground assigns error on the failure of the court to charge upon a certain defense presented by the defendants. That defense was raised solely by the statements of the defendants to the jury, and, in the absence of a timely written and appropriate request, the failure to charge thereon was not error.

6. The remaining special ground is expressly abandoned in the brief of counsel for the plaintiff in error.

7. The verdict was amply authorized by the evidence. The statute in question provides that the offense of blackmail is committed if one shall verbally accuse another of a crime, with intent to extort money or other thing of value from him, or if he shall threaten to accuse another of the crime with the same intent. There is no merit in the contention of counsel for the accused that to con-

stitute the offense of blackmail the verbal accusation must be a formal, technical accusation, or that at least the accusation must be communicated to some third person or persons. Blackmail is essentially a secretive offense, hidden from all but the victim. The perpetrators expect to extort money from him because they are relying upon his fears of having his alleged misdeeds or crimes exposed to third persons—the general public. In order for a blackmailer to succeed in his scheme, his accusations or threats must be kept secret from all persons save the victim. If he communicated them to others he would endanger the success of his own nefarious designs. The offense of blackmail is consummated when a person in a private conversation with the selected victim verbally charges him with the commission of a crime, with the intent thereby to extort from him money or other thing of value; or when he threatens to accuse him of a crime with the same intent; or when he communicates to him the threats of another to accuse him of a crime, where such communication is made with an intent to extort from the victim money or other thing of value, either for the benefit of the communicator or for the benefit of the person whose threat was communicated. Mrs. McWhorter, wife of the alleged victim of the blackmailing plot, testified that the defendants came to her home and talked with her husband, and that she heard part of the conversation. She swore that "they told him that if he would pay them $300, that they would keep it out of court, if he didn't they would take it to Federal court, and that he couldn't get out under five or six thousand dollars for opening the letter, and that he could get out of spending his life in the penitentiary, and wouldn't it be a pity to see his wife and daughter penniless, and everything gone, and 'now, damn you, old man, if you want to do that, just do that, if you don't want to pay the $300; we are your friends, and if you will pay this, we will take the $300 and settle this out of court, and then you won't be out five or six thousand dollars; now, damn you, if you want to do that you can do it, and this charge—opening a man's letter, Mr. Thompson's letter. . .' They said beside that that he had forged his name on his check, forged Thompson's name. They demanded of Mr. McWhorter $300." Thompson testified: "I never authorized Mr. Baker or Mr. Eller or anybody else to go to Fred McWhorter and demand $300." There was ample evidence to show that the defendants, by verbal accusa-

tions of crimes, and threats of prosecution therefor, attempted to extort money from McWhorter; and there is no merit in the general grounds of the motion. No error of law is shown; and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*